IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **MANABU SAEKI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| | ) |
| | ) |
| **JACKSONVILLE STATE UNIVERSITY;** | ) |
| **and JOHN BEEHLER, individually;** | ) |
| **Defendants.** | ) |

# COMPLAINT

## Jurisdiction and Venue

1. This is a suit for violation of 42 U.S.C. § 1983. The Plaintiff asserts a violation of his rights under 42 U.S.C. § 1981 through 42 U.S.C. § 1983.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 28 U.S.C. §§ 2201 and 2202.

3. The unlawful employment practices and acts of retaliation about which the Plaintiff complains were committed within Calhoun County, Alabama.

## Parties

4. The Plaintiff, Manabu Saeki, is a male of Japanese race, ancestry and/or ethnicity who presently resides in Calhoun County, Alabama.

5. The Defendant, Jacksonville State University ("JSU") is Plaintiff's employer and an entity subject to suit in the State of Alabama.

6. The Defendant, John Beehler, is, upon information and belief, a resident citizen of Calhoun County and subject to suit in the State of Alabama.

## COUNT ONE

### Discrimination on the Basis of Race, Ancestry and Ethnicity against Defendant JSU

7. The Plaintiff has been employed by the Defendant, JSU from August 2008 to the present.

8. At all material times, the Plaintiff has been employed by JSU as an Associate Professor.

9. During his career with Defendant, JSU, the Plaintiff has been an exemplary employee.

10. At all material times, Defendant John Beehler has been the President of Defendant JSU. Defendant Beehler is sued in his individual capacity.

11. In the fall of 2016, the Plaintiff applied for promotion to Professor.

12. The Plaintiff's application for promotion was approved by his Dean/Acting Department Head.

13. The Plaintiff's application for promotion received unanimous approval from his departmental peers.

14. On or about April 27, 2017, despite the approval of his application by the Dean/Department Head and departmental peers, Defendant Beehler, as

President of Defendant JSU, denied the Plaintiff's application for promotion to Professor.

15. The alleged reasons provided by the Defendants for the denial are pretext for discrimination.

16. The Defendants have promoted applicants to Professor who do not share the Plaintiff's race, ancestry and/or ethnicity, despite their plainly inferior qualifications as compared to the Plaintiff, including but not limited to Lori Owens and Timothy Barnett.

17. Defendant Beehler's final decision to deny the Plaintiff's promotion to Professor was not subject to administrative review.

18. At the time of the complained of events, Plaintiff had the clearly established statutory right under 42 U.S.C. § 1981 through 42 U.S.C. § 1983 to be free from discrimination based on race, ancestry and/or ethnicity in connection with his employment by the Defendants.

19. The violations of the Plaintiff's rights described herein resulted from the actions of Defendant Beehler, who is President of Defendant JSU responsible for making final policy for JSU in connection with the area of conduct in question - the denial of the Plaintiff's application for promotion to Professor.

20. In denying the subject promotion, Defendant Beehler violated Plaintiff's rights

under 42 U.S.C. § 1981 through 42 U.S.C. § 1983 by discriminating against him on the basis of his race, ancestry and/or ethnicity.

21. The unlawfulness of Defendant Beehler discriminating against the Plaintiff on the basis of his race, ancestry and/or ethnicity was clearly established at the time of the conduct as unlawful discrimination under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

22. At all material times, the Defendants, while acting under color of state law, intentionally, willfully, knowingly, maliciously, fraudulently, in bad faith, with deliberate indifference and/or without jurisdiction and/or justification unlawfully discriminated against the Plaintiff and deprived him of his federal statutory rights.

23. The above-described wrongful conduct on the part of the Defendant, JSU, constitutes unlawful discrimination under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant, JSU for unlawful discrimination, pursuant to an Order by which the Court:

    (a)    awards compensatory damages for mental anguish;

    (b)    awards back pay, plus interest;

  (c) awards equitable relief through front pay or placement into the subject position;

  (d) awards that relief which is fair, reasonable and just;

  (e) awards a reasonable attorney's fee; and

  (f) taxes costs against the defendant.

## COUNT TWO

### Discrimination on the Basis of Race, Ancestry and Ethnicity against Defendant John Beehler, individually

24. The Plaintiff has been employed by the Defendant, JSU from August 2008 to the present.

25. At all material times, the Plaintiff has been employed by JSU as an Associate Professor.

26. During his career with Defendant, JSU, the Plaintiff has been an exemplary employee.

27. At all material times, Defendant John Beehler has been the President of Defendant JSU. Defendant Beehler is sued in his individual capacity.

28. In the fall of 2016, the Plaintiff applied for promotion to Professor.

29. The Plaintiff's application for promotion was approved by his Dean/Acting Department Head.

30. The Plaintiff's application for promotion received unanimous approval from his

departmental peers.

31. On or about April 27, 2017, despite the approval of his application by the Dean/Acting Department Head and departmental peers, Defendant Beehler, as President of Defendant JSU, denied the Plaintiff's application for promotion to Professor.

32. The Defendants have promoted applicants to Professor who do not share the Plaintiff's race, ancestry and/or ethnicity, despite their plainly inferior qualifications as compared to the Plaintiff, including but not limited to Lori Owens and Timothy Barnett.

33. The alleged reasons provided by the Defendants for the denial of the Plaintiff's application for Professor are pretext for discrimination.

34. Defendant Beehler's final decision to deny the promotion was not subject to administrative review.

35. At the time of the complained of events, Plaintiff had the clearly established statutory right under 42 U.S.C. § 1981 through 42 U.S.C. § 1983 to be free from discrimination based on race, ancestry and/or ethnicity in connection with his employment by the Defendants.

36. The violations of the Plaintiff's rights described herein resulted from the actions of Defendant Beehler, who is President of Defendant JSU responsible

for making final policy for JSU in connection with the area of conduct in question - the denial of the Plaintiff's application for promotion to Professor.

37. In denying the subject promotion, Defendant Beehler violated Plaintiff's rights under 42 U.S.C. § 1981 through 42 U.S.C. § 1983 by discriminating against him on the basis of his race, ancestry and/or ethnicity.

38. The unlawfulness of Defendant Beehler discriminating against the Plaintiff on the basis of his race, ancestry and/or ethnicity was clearly established at the time of the conduct as unlawful discrimination under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

39. At all material times, the Defendants, while acting under color of state law, intentionally, willfully, knowingly, maliciously, fraudulently, in bad faith, with deliberate indifference and/or without jurisdiction and/or justification unlawfully discriminated against the Plaintiff and deprived him of his federal statutory rights.

40. The above-described wrongful conduct on the part of the Defendant, John Beehler, constitutes unlawful discrimination under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant, John Beehler, for unlawful

discrimination, pursuant to an Order by which the Court:

      (a)    awards compensatory damages for mental anguish;

      (b)    awards back pay, plus interest;

      (c)    awards equitable relief through front pay or placement into the subject position;

      (d)    awards that relief which is fair, reasonable and just;

      (e)    awards a reasonable attorney's fee; and

      (f)    taxes costs against the defendant.

## **COUNT THREE**

### **Retaliation against Defendant JSU**

41. After the Defendants denied the Plaintiff's application for promotion, he engaged in protected activity by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on August 28, 2017 in which he asserted that the Defendants discriminated against him when they denied said application.

42. Subsequent to the Plaintiff engaging in said protected activity, the Defendant through its agents and/or employees made unjustified allegations of student complaints regarding the Plaintiff's work performance.

43. Subsequent to the Plaintiff engaging in said protected activity, the Defendant

  through its agents and/or employees issued an unjustified downgraded performance evaluation to the Plaintiff.

44. Subsequent to the Plaintiff engaging in said protected activity, the Defendant, through its agents and/or employees, ignored the Plaintiff's request to submit another application for promotion to the position of professor.

45. Subsequent to the Plaintiff engaging in said protected activity, the Defendant, through its agents and/or employees, isolated the Plaintiff by failing to communicate with him and ceasing to invite him to social gatherings.

46. A causal connection exists between the Plaintiff's participation in said protected activity and the adverse employment actions described above.

47. At the time of the complained of events, Plaintiff had the clearly established statutory right under 42 U.S.C. § 1981 through 42 U.S.C. § 1983 to be free from retaliation for engaging in protected activity in connection with his employment by the Defendants.

48. In retaliating against the Plaintiff in connection with the terms and conditions of his employment, the Defendant violated Plaintiff's rights under 42 U.S.C. § 1981 through 42 U.S.C. § 1983.

49. The unlawfulness of the Defendant retaliating against the Plaintiff was clearly established at the time of the conduct as unlawful retaliation under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

50. At all material times, the Defendant, while acting under color of state law, intentionally, willfully, knowingly, maliciously, fraudulently, in bad faith, with deliberate indifference and/or without jurisdiction and/or justification unlawfully retaliated against the Plaintiff and deprived him of his federal statutory rights.

51. The above-described wrongful conduct on the part of the Defendant constitutes unlawful retaliation under 42 U.S.C. § 1981 brought through 42 U.S.C. § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment against the Defendant, JSU for unlawful retaliation, pursuant to an Order by which the Court:

    (a)    awards compensatory damages for mental anguish;

    (b)    awards that relief which is fair, reasonable and just;

    (c)    awards a reasonable attorney's fee; and

    (d)    taxes costs against the defendant.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

    *s/Adam P. Morel*
    Adam P. Morel
    **ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

**LAW OFFICES OF ADAM MOREL, P.C.**
512 Montgomery Highway, Suite 512
Birmingham, AL 35216
*Telephone:*  (205) 252-8841
*Facsimile:*  (205) 822-6197
*Email:*        adam@morellawfirm.com