IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MANABU SAEKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-CV-0857-CLM |
| ) | |
| JACKSONVILLE STATE ) | |
| UNIVERSITY, and JOHN ) | |
| BEEHLER, individually, ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION

Manabu Saeki ("Saeki") is an Associate Professor at Jacksonville State University ("JSU"). John Beehler ("Beehler"), the former president of JSU, denied Saeki's promotion application for the position of Professor in 2017. In response, Saeki filed an EEOC charge, accusing JSU and Beehler (collectively, "the Defendants") of discrimination. Saeki says the Defendants then retaliated against him for filing the EEOC charge. Saeki now sues the Defendants for racial discrimination and retaliation under 42 U.S.C. § 1981 through 42 U.S.C. § 1983.

Beehler answered Saeki's complaint (doc. 31), so the court does not consider the counts against Beehler here. Instead, the court considers JSU's motion to dismiss all claims against it (Counts I and III). Doc. 29. Accepting as true all the facts that Saeki alleged in his Amended Complaint (doc. 25), the court finds that Saeki's

claims against JSU are barred by the Eleventh Amendment. So the court **grants** JSU's motion to dismiss.

Saeki has moved for the court to allow him to amend his complaint, rather than dismiss it. But Saeki has already amended his complaint, and filing a second amendment would be futile, so the court **denies** Saeki's motion to amend.

## STATEMENT OF THE FACTS

JSU is an accredited state public university. Ala. Code § 16-52-1. JSU has employed Saeki, a Japanese man, as an Associate Professor from August 2008 to the present. Saeki applied for a promotion to Professor in the fall of 2016. The Associate Professor and Professor positions are materially similar in most ways.

Saeki's Acting Department Head and departmental peers approved Saeki's application. But Beehler, who was responsible for all final policy decisions regarding promotions, denied the application. Beehler's denial was not subject to administrative review. Saeki alleges that at least two other professors who are not Japanese were promoted even though Saeki was more qualified. So Saeki filed a Charge of Discrimination with the EEOC in August 2017, asserting that the Defendants had discriminated against him by denying his promotion application.

In retaliation, Saeki says that the Defendants (through their agents and employees) had students file complaints about Saeki, issued a downgraded performance evaluation, ignored Saeki's request to submit another promotion

application, and isolated him by not communicating with him and failing to invite him to social gatherings.

## STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal courts have limited jurisdiction. 28 U.S.C. § 1330. Parties cannot waive subject matter jurisdiction, and if the court finds it lacks that jurisdiction, it must dismiss the case. *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000). The plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Because subject matter jurisdiction cannot be waived, a district court can determine whether it has subject matter jurisdiction at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).[1]

### B. Rule 12(b)(6)

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] Decisions of the Fifth Circuit issued before September 30, 1981 are considered binding precedent for this court. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

**C. Rule 15**

The leave to amend should "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the motion to amend "shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985). Substantial, or justifiable, reasons for denying a motion to amend include: undue delay, bad faith, *repeated failure to cure deficiencies,* and *futility of amendments*. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). When a district court dismisses a motion to amend because that amendment would be futile, "the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s*

*Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

## ANALYSIS

### A. Eleventh Amendment Immunity

Saeki alleges that JSU's discrimination and retaliation violated his rights under 42 U.S.C. § 1981. Since 42 U.S.C. § 1981 does not provide a cause of action, Saeki correctly brought his suit through 42 U.S.C. § 1983. *Bryant v. Jones*, 575 F.3d 1281, 1287 n.1 (11th Cir. 2009). But Saeki's claim against JSU is barred by the Eleventh Amendment, which means this court lacks jurisdiction. *See McClendon v. Georgia Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001).

The Eleventh Amendment grants States immunity against "any suit in law or equity, commenced or prosecuted […] by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court further extended the Eleventh Amendment to immunize a State from suits filed by its own citizen. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment also grants immunity to agents and instrumentalities of the State, *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003), and the Eleventh Circuit has held that universities are instrumentalities of the State and thus immune from suit. *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1301 (11th Cir. 2007). *See also Harden v. Adams*, 760 F.2d 1158, 1164 (11th Cir. 1985) (holding that Troy State University, Board of Trustees, and individual appellees were immune

to suit).

Courts have recognized three exceptions to Eleventh Amendment immunity. First, Congress can abrogate Eleventh Amendment immunity if it acts under Section Five of the Fourteenth Amendment. *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1524 (11th Cir. 1990). But the Supreme Court has held that Congress did not abrogate Eleventh Amendment immunity for 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). *See also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that a state is not a 'person' for 42 U.S.C. § 1983). Nor has Congress abrogated Eleventh Amendment immunity for 42 U.S.C. § 1981. *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. 1981). So this exception does not apply.

Second, States can expressly waive their immunity, *Carr*, 916 F.2d at 1524. Alabama has not waived its immunity, Ala. Const., § 14., so this exception does not apply either.

Third, the Eleventh Amendment does not bar suits against a state official in his official capacity for injunctive relief to end violations of federal law. *Ex parte Young*, 209 U.S. 123, 159 (1908). But the *Ex parte Young* exception is narrow and "applies only to prospective relief, does not permit judgements against state officers [for past violations of federal law] […] and has no application in suits against the

States and their agencies." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that state agencies and the state cannot be sued even if the plaintiff only seeks prospective relief). As a public university, JSU is considered an "instrumentality of the State" and is therefore protected from suit by the Eleventh Amendment. *Williams*, 477 F.3d at 1301. Since Saeki is not suing a state official in his official capacity, this exception also does not apply.

Because JSU is an instrumentality of the State, and no exception to state immunity applies, the Eleventh Amendment bars Saeki's claims against JSU. So the court must dismiss Saeki's claims against JSU.

### B. Saeki's Motion to Amend

Saeki has asked for "leave to substitute JSU individual trustees in their official capacities for Defendant JSU and/or amend his complaint." Doc. 34, p. 6. But Saeki has not alleged facts that show Saeki would have standing against the board members. So Saeki's amendment would be futile.

A plaintiff must meet Article III's standing requirements to bring a cause of action before the court. *Cook v. Bennett*, 792 F.3d 1294, 1298 (11th Cir. 2015). To have standing, a plaintiff must show: (1) "an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent […]; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely […] that the injury will be

redressed." *Cook*, 792 F.3d at 1298-99.

Saeki's complaint alleges that the President (not the Board of Trustees) was "responsible for making *final* policy for JSU in connection with the area of conduct in question" and that Beehler's decision was not subject to administrative review. Doc. 25 ¶ 20 (emphasis added). Saeki has not shown that any board member played a role in the alleged discrimination or retaliation. The Board of Trustees at JSU can appoint and remove instructors, make salary changes, regulate the university's structure, and promote the interests of the university. Ala. Code § 16-52-6. But their duties *do not* include considering promotion applications, reviewing denials of promotions, conducting performance evaluations, hosting or planning social events for professors, or reporting student complaints. *Id.* Because the Board's duties reach none of Saeki's alleged harms, the individual board members could not have harmed Saeki for purposes of Article III standing. In other words, Saeki's alleged injury is not "fairly traceable" to any actions of the individual board members. *Cook*, 792 F.3d at 1298-99.

Further, because the individual board members' duties reach none of the alleged harms, Saeki cannot show that the board members have the power to provide the relief Saeki seeks—*i.e.,* instatement to the Professor position. *Cook*, 792 F.3d at 1298-99. And if Saeki's injury is not redressable by the board members, Saeki lacks

standing to enforce his claims against them. *Grizzle*, 634 F.3d at 1319.

Plus, Saeki has already amended his complaint in response to motions to dismiss. Doc. 25. He has not provided additional facts that would compel the court to grant another motion to amend. Instead, Saeki has merely requested that the court grant him "leave to substitute JSU individual trustees in their official capacities for Defendant JSU and/or amend his complaint." Doc. 34, p. 6. He presents no argument for how any claims against those defendants would succeed. Based on his previous failure to amend his complaint and the futility of his proposed amendment, the court **DENIES** Saeki's motion to amend.

## CONCLUSION

For the reasons stated above, the court will **GRANT** JSU's motion to dismiss (doc. 29) and **DENY** Saeki's motion to amend his pleading (doc. 34). This court will enter a separate order carrying out this finding.

**DONE** on June 21 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE